IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH R. WYMAN, LISA D. WYMAN,

    Plaintiffs,

v.

FIRST AMERICAN TITLE INSURANCE COMPANY, WELLS FARGO BANK, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage-Pass Through Certificates, Series 2006-AR18, WELLS FARGO BANK, N.A., and DOES 1 THROUGH 35 INCLUSIVE,

    Defendants.

No. C 16-07079 WHA

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

## INTRODUCTION

In this wrongful foreclosure action, a bank defendant moves to dismiss. To the extent stated herein, the motion is **GRANTED**.

## STATEMENT

**1. LOAN AND DEFAULT.**

In August 2006, *pro se* plaintiffs Joseph Wyman and Lisa Wyman obtained a mortgage loan in the amount of $704,000 from defendant Wells Fargo Bank secured by a deed of trust on real property in Oakland (RJN, Exh. A). The complaint does not state whether the Wymans resided at this property; however, at oral argument, Mr. Wyman stated that both plaintiffs reside at the property. The deed identified Wells Fargo as the beneficiary, third-party Fidelity National Title Insurance Company as the trustee, and plaintiffs as the borrowers (RJN, Exh. B).

On April 6, 2011, Wells Fargo recorded an assignment of the deed of trust to transfer and convey the beneficial interest in the residence to third-party HSBC Bank USA, N.A., in its capacity as trustee of a securitized trust. Wells Fargo remained the servicing agent.

In 2012, Wells Fargo recorded a modification to plaintiffs' loan (RJN, Exh. D). On May 17, 2016, Wells Fargo recorded a substitution of trustee that changed the trustee for the loan from Fidelity to First American Title Insurance Company (RJN, Exh. E). On May 20, 2016, a notice of default was recorded. According to the notice of default, the past due payments totaled $51,927.58 (RJN, Exh. F). (Plaintiffs contend the notice fails to accurately depict the amount of indebtedness (Compl. ¶ 17).) In July 2016, First American recorded a notice of rescission of the May 2016 notice of default (RJN, Exh. G).

On November 17, 2016, Wells Fargo recorded a substitution of trustee, substituting Clear Recon Corporation for First American (RJN, Exh. H). On the same day, Clear Recon, in its capacity as the appointed substituted trustee, recorded a new notice of default which noted plaintiffs' default on the loan in the accurate amount of $45,791.84 as of November 14, 2016 (RJN, Exhs. H, I).

To date, no trustee's sale has occurred. There is no indication that plaintiffs are ready to tender the unpaid portion of the loan.

### 2.  BANKRUPTCY.

In December 2010, plaintiffs filed a Chapter 13 bankruptcy petition and initial bankruptcy schedules (RJN, Exhs. J, K). In April 2011, plaintiffs' Chapter 13 plan received confirmation (RJN, Exh. L). Wells Fargo promptly obtained an order granting relief from the automatic stay (RJN, Exh. J). In March 2012, plaintiffs filed amended bankruptcy schedules (RJN, Exh. M). On April 15, 2016, the Chapter 13 case was discharged due to full performance of the plaintiffs' Chapter 13 plan (RJN, Exh. N). During the bankruptcy proceedings, plaintiffs acknowledged Wells Fargo as a secured lender for the subject property. However, in their schedules of December 2010 and March 2012, they failed to list the claims they eventually brought in the instant complaint against Wells Fargo (RJN, Exhs. K, M).

In November 2016, before Wells Fargo substituted Clear Recon as trustee (but after First American rescinded the first notice of default), plaintiffs commenced this action in Alameda County Superior Court. Plaintiffs' theory was and remains that Wells Fargo lacks beneficial interest in the deed and asserts various claims described below. In December 2016, defendant Wells Fargo removed the action to federal court, here in San Francisco based on diversity jurisdiction. Although no motion to remand has been made, plaintiffs' opposition complains that removal was improper because defendant First American (no longer the trustee) is a citizen of California. This order declines to consider remand absent a motion timely brought. Wells Fargo now moves to dismiss the complaint. This order follows full briefing and oral argument.

**ANALYSIS**

Plaintiffs seek to rescind "the loan and all accompanying loan documents" and to permanently prevent the foreclosure of the subject property by challenging Well Fargo's standing to foreclose (Compl. ¶¶ 41–50, 114, 130). In addition, plaintiffs assert claims for predatory lending, violations of the Homeowner's Bill of Rights and the Business and Professions Code Section 17200 for unfair, unlawful and fraudulent business practices, constructive fraud, fraud in concealment and fraud in the inducement all relating to Wells Fargo's alleged securitization of the loan (Compl. ¶¶ 52–53, 61–63, 80, 85, 95). Plaintiffs' claims are anchored in the allegation that the March 2011 assignment of the deed of trust to HSBC Bank was unlawfully recorded so that it therefore was "void and of no force and effect," that the May 2016 substitution of trustee from Fidelity to First American was void, and that the May 2016 notice of default was "unlawfully recorded" (Compl. ¶¶ 13–6).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "[C]onclusory

3

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

In considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper. *No. 84 Employer–Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 (9th Cir. 2003). Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, documents referenced in plaintiffs' complaint and the public land records in support of Well Fargo's motion to dismiss are the proper subjects of judicial notice and will be considered in the disposition of this motion.

**1.    MOOTNESS?**

Wells Fargo contends that plaintiffs' allegations should be dismissed as moot because the May 2016 notice of default was rescinded. But another notice of default occurred in November 2016 and that one remains alive and well, so plaintiffs can easily replead to fix this problem (although First American should fall away from any amended complaint since its only role came with the now-rescinded notice of default).

**2.    JUDICIAL ESTOPPEL?**

Wells Fargo's next argument is rejected, namely the argument that all claims are barred by the doctrine of judicial estoppel because plaintiffs did not list them years ago as assets in their bankruptcy estate. The Court finds it unreasonable to assume that plaintiffs should have been aware of their 2016 claims at the time of their 2012 bankruptcy lists. Wells Fargo did not record the notice of default until 2016. On this record, the Court will not apply judicial estoppel to bar plaintiffs' claims.

**3.    STANDING?**

The bank's next argument, however, fares better. Standing is an essential and unchanging part of the case-or-controversy requirement of Article III of the United States

4

1  Constitution. There are three essential elements of standing. *First*, the plaintiff must have
2  suffered an "injury in fact" — an invasion of a legally protected interest which is (a) "concrete
3  and particularized," and (b) "actual or imminent," not "conjectural" or "hypothetical." *Second*,
4  there must be a causal connection between the injury and the conduct complained of — the
5  injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e]
6  result [of] the independent action of some third party not before the court." *Third*, it must be
7  "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable
8  decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

9  Wells Fargo contends that plaintiffs lack standing to challenge Wells Fargo's right to
10 foreclose because the foreclosure has not yet happened and, in any case, the defects alleged
11 render the assignment "voidable" rather than "void" (a necessary element of a judicial challenge
12 to pre-foreclosure claims). This order addresses each issue in turn.

### A. Pre-Foreclosure Challenge.

In *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919, 943 (2016), the California Supreme Court held that "a home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." *Yvanova* expressly left open the question of whether a borrower has standing in the pre-foreclosure context, as in our case.

After *Yvanova*, the California Court of Appeal decided *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016), and declined to extend *Yvanova* to pre-foreclosure challenges. In *Saterbak*, the appellate court held that the borrower lacked standing to preemptively challenge the assignment of the underlying deed of trust because the borrower brought suit before the sale occurred and because the basis of her challenge was not a void but rather a voidable assignment. *Id.* at 818. The court concluded that allowing the plaintiff to challenge the foreclosure under these circumstances "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." *Id.* at

5

814. In line with *Saterbak*, the appellate court in *Keshtgar v. U.S. Bank, N.A.*, 2016 WL 4183750, at *1 (Cal. App. Aug. 8, 2016), also held that *Yvanova* authorized standing only for wrongful foreclosure damage claims and not for actions seeking to prevent foreclosure. With the exception of four decisions, every decision by our court of appeals and district courts in our circuit has declined to extend *Yvanova* to pre-foreclosure challenges, thereby adopting *Saterbak* and its progeny. *E.g., Dagres v. Countrywide Bank, N.A.*, No. 14-56799, __ F. Appx __, 2017 WL 371972, at *1 (9th Cir. Jan. 26, 2017); *Bryant v. J.P. Morgan Chase Bank, N.A.*, No. 14-55299, __ F. Appx __, 2016 WL 7407271, at *1 (9th Cir. Dec. 22, 2016); *Huweih v. US Bank Trust, N.A.*, No. 16-cv-00421-MMC, 2017 WL 396143, at *3 (N.D. Cal. Jan. 30, 2017) (Judge Maxine Chesney); *Kaurloto v. U.S. Bank*, No. 16-cv-06652-JFW-GJSx, 2016 WL 6808117, at *4 (C.D. Cal. Nov. 17, 2016) (Judge John Walter); *Karunaratne v. US Bank National Association*, Case No.: 16-cv-843-JLS-KSC, 2016 WL 6698940, at *4 (S.D. Cal. Nov. 15, 2016) (Judge Janis Sammartino)*; Watson v. Bank of America*, N. 16cv513-GPC(MDD), 2016 WL 6581846, at *17 (S.D. Cal. Nov. 7, 2016) (Judge Gonzalo Curiel); *Tobin v. Nationstar Mortgage, Inc.*, Case No. 2:16-cv-00836-CAS(ASx), 2016 WL 1948786, at *7 (C.D. Cal. May 2, 2016) (Judge Christina Snyder.)

The exceptional decisions are *Hinrichsen v. Quality Loan Service Corporation*, No. 16cv0690 DMS, 2016 WL 4542753, at *3 (S.D. Cal. Aug. 31, 2016) (Judge Dana Sabraw); *Reed v. Wilmington Trust, N.A.*, No. 16cv19330 JSW, 2016 WL 3124611, at *4 (N.D. Cal. June 3, 2016) (Judge Jeffrey White); *Powell v. Wells Fargo Home Mort.*, No. 14-cv-04248-MEJ, 2016 WL 1718189, at *8 (N.D. Cal. Apr. 29, 2016) (Magistrate Judge Maria-Elena James); *Lundy v. Selene Finance, L.P.*, No. 15-cv-05676-JST, 2016 WL 1059423, at *13 (N.D. Cal. Mar. 17, 2016) (Judge Jon Tigar).

In *Lundy*, which was decided one day prior to *Saterbak*, Judge Jon Tigar applied *Yvanova*'s reasoning to the pre-foreclosure context. Judge Tigar explained that:

> The prejudice in the post-foreclosure context is, of course, more obvious than in pre-foreclosure, since a plaintiff has suffered the definable injury of the loss of her property. But it is clear that *Yvanova*'s prejudice analysis does not depend on the existence of a completed foreclosure sale — rather, it focuses more broadly on the unfairness of requiring a plaintiff to be subjected to foreclosure

> proceedings by an entity that has no right to initiate those proceedings. For this reason, the Court concludes that *Yvanova*'s reasoning applies just as strongly to pre-foreclosure plaintiffs.

2016 WL 10559423 at *10–13.

In order not to disturb California's comprehensive scheme for nonjudicial foreclosure, Judge Tigar concluded that "*if* the California Supreme Court decides to adopt a bar on pre-foreclosure challenges it will limit that bar only to claims that lack any 'specific factual basis.'" *Ibid.* Notwithstanding *Saterbak*, three district court decisions were persuaded by Judge Tigar's reasoning.

Although the prevailing trend of decisional law (and two decisions by the California Court of Appeal on point) suggests that our plaintiffs cannot pursue a pre-foreclosure suit, this order declines to reach that issue. Plaintiffs' claims fail for a different reason, as now discussed.[*]

### B. Void Versus Voidable.

Plaintiffs fail to allege a defect which would render the assignment void, rather than voidable as required for standing under *Yvanova*. Their entire theory rests on some unspecified defect in the recording of the April 2011 assignment of the deed of trust to transfer and convey the beneficial interest in the subject property to HSBC Bank. Plaintiffs allege that Wells Fargo, as servicing agent for HSBC Bank, cannot foreclose because Wells Fargo "unlawfully recorded" the April 2011 assignment of the deed of trust to HSBC Bank and that therefore the deed was not properly assigned to the operator of the pooled mortgage funds, making the deed a "legal nullity" (Compl. ¶¶ 14, 23, 32).

The question therefore becomes whether HSBC Bank, despite improper recording, remains the valid holder of the deed of trust, and therefore, Wells Fargo, as the servicing agent,

---

[*] Variations of this issue have been brought before this Court in three instances: In *Avila v. Wells Fargo, N.A.*, No. C 16-05904, 2016 WL 7425925 (N.D. Cal. Dec. 23, 2016), this Court granted defendant's motion to dismiss because plaintiff failed to allege facts rendering the underlying assignment void, rather than voidable, and further because no trustee's sale had yet occurred; in *Burke v. JPMorgan Chase Bank, N.A.*, No. C 13-04249 WHA, 2016 WL 4916926 (N.D. Cal. Sept. 15, 2016), this Court granted a summary judgment motion in favor of defendant on plaintiffs' wrongful disclosure claim because plaintiffs failed to allege enough evidence rendering the underlying assignment void; and in *Bonner v. Fay Servicing, LLC*, No. C 16-01363 WHA, 2016 WL 3971297 (N.D. Cal. July 26, 2016) this Court converted a motion to dismiss to a motion for summary judgment in favor of defendant on the issue that the challenged assignment was not void.

7

has the right to foreclose on the underlying property. A deed of trust need not be recorded to perfect an assignee's interest, but rather will operate as constructive notice of the assignee's interest from the time of recordation. Cal. Civ. Code Section 2934.

A mere mistake in recording is fixable and hardly voids an assignment. Plaintiffs' entire theory fails because the mistake rated no where close to void. In fact, the mistake went wholly unidentified in the complaint. For all the complaint reveals, it was a mere typo. A void contract has no legal entity for any purpose and neither action nor inaction of a party to it can validate it, whereas a voidable transaction may be declared void but is not void in itself. *Yvanova*, 62 Cal. 4th 919 at 930. "When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment" and consequently a plaintiff who sets forth a claim on defects within the assignment that render it voidable is attempting to "assert an interest belonging solely to the parties to the assignment rather than to herself." *Id.* at 936.

The kind of technicality alleged here is not sufficient to justify an exemption from the otherwise applicable bar on judicial intervention into the nonjudicial foreclosure process. Because the challenged assignment does not change plaintiffs' obligations under the note, plaintiffs fail to allege facts to show they have suffered an "injury in fact," which is concrete and particularized. Plaintiffs, therefore, lack standing to challenge Wells Fargo's right to foreclose.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** with leave to amend. Plaintiffs' amended complaint is due **MARCH 2 AT NOON**. Plaintiffs must plead their best case. Further leave to amend will not be granted. Any subsequent motion to dismiss has to be filed by **MARCH 16 AT NOON**.

**IT IS SO ORDERED.**

Dated: February 8, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE