IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH R. WYMAN, LISA D. WYMAN,

    Plaintiffs,

  v.

FIRST AMERICAN TITLE INSURANCE COMPANY, WELLS FARGO BANK, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage-Pass Through Certificates, Series 2006-AR18, WELLS FARGO BANK, N.A., and DOES 1 through 35, inclusive,

    Defendants.

No. C 16-07079 WHA

**ORDER GRANTING MOTION TO DISMISS**

**INTRODUCTION**

In this wrongful foreclosure action, a bank defendant moves to dismiss all claims asserted against it in *pro se* plaintiffs' amended complaint. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

In 2006, *pro se* plaintiffs Joseph Wyman and Lisa Wyman recorded a mortgage loan in the amount of $704,000 from defendant Wells Fargo Bank secured by a deed of trust on real property in Oakland (RJN, Exhs. A, B). The deed as recorded identified Wells Fargo as the beneficiary, third-party Fidelity National Title Insurance Company as the trustee, and plaintiffs as the borrowers (RJN, Exh. B).

In April 2011, Wells Fargo recorded an assignment of the deed of trust to transfer and convey the beneficial interest in the residence to third-party HSBC Bank USA, N.A., in its capacity as trustee of a securitized trust. Wells Fargo remained the servicing agent (RJN, Exh. C).

In 2012, Wells Fargo recorded a modification to plaintiffs' loan (RJN, Exh. D). On May 17, 2016, Wells Fargo recorded a substitution of trustee that changed the trustee for the loan from Fidelity to First American Title Insurance Company (RJN, Exh. E). On May 20, 2016, a notice of default was recorded, the rescission of which was recorded shortly after (RJN, Exhs. F, G).

On November 17, 2016, Wells Fargo recorded a substitution of trustee, substituting Clear Recon Corporation for First American (RJN, Exh. H). On the same day, Clear Recon, in its capacity as the appointed substituted trustee, recorded a new notice of default noting plaintiffs' default on the loan in the amount of $45,791.84 as of November 14, 2016 (RJN, Exh. I).

To date, no trustee's sale has occurred. Plaintiffs have not indicated that they are ready to tender the unpaid portion of the loan.

In November 2016, before Wells Fargo substituted Clear Recon as trustee (but after First American rescinded the first notice of default), plaintiffs commenced this action in Alameda County Superior Court. Plaintiffs' theory was and remains that Wells Fargo lacks beneficial interest in the deed. In December 2016, defendant Wells Fargo removed the action to federal court here in San Francisco based on diversity jurisdiction (Dkt. No. 1). Following oral argument, this Court granted Wells Fargo's motion to dismiss, holding that plaintiffs lacked standing to challenge Wells Fargo's right to foreclose and that plaintiffs' claims are moot. The Court allowed plaintiffs to amend the complaint, requesting a redlined copy to highlight the changes (Dkt. No. 26). Plaintiffs filed their first amended complaint, but failed to provide the requested redlined copy (Dkt. No. 28).

Wells Fargo now moves to dismiss the amended complaint (Dkt. No. 29). This order follows full briefing and oral argument.

**ANALYSIS**

Plaintiffs seek to rescind "the loan and all accompanying loan documents" and to permanently prevent the foreclosure of the subject property by challenging Well Fargo's standing to foreclose (Amd. Compl. ¶¶ 50–52, 148, 164). In addition, plaintiffs assert claims for predatory lending, violations of the Homeowner's Bill of Rights and the Business and Professions Code Section 17200 for unfair, unlawful and fraudulent business practices, constructive fraud, fraud in concealment and fraud in the inducement all relating to Wells Fargo's alleged securitization of the loan. In their initial complaint, plaintiffs' anchored their claims in the allegation that the March 2011 assignment of the deed of trust to HSBC Bank was unlawfully recorded so that it therefore was "void and of no force and effect," that the May 2016 substitution of trustee from Fidelity to First American was void, and that the May 2016 notice of default was "unlawfully recorded" (Compl. ¶¶ 13–16). In their amended complaint, plaintiffs shift gears and contend that the gravamen of their claim to set aside any notice of trustee's sale is predicated on the alleged violation of the California Homeowner Bill of Rights (Amd. Compl. ¶ 3).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

As to plaintiffs' claims for fraud, a court may dismiss these claims when the allegations fail to satisfy Rule 9(b)'s heightened pleading requirements, which require a party to "state with

particularity the circumstances constituting fraud." *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1107 (9th Cir. 2003).

Wells Fargo seeks judicial notice of various public records of transactions with plaintiffs. In considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper. *No. 84 Employer–Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 (9th Cir. 2003). Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, documents referenced in plaintiffs' amended complaint and the public land records in support of Well Fargo's motion to dismiss are the proper subjects of judicial notice and will be considered in the disposition of this motion.

Plaintiffs' eleven amended claims are all based either on vague defects during the loan's assignment and securitization and/or unspecified unlawfulness of the pre-foreclosure documents.

All claims are dismissed for the following reasons.

### 1. PLAINTIFFS FAIL TO CURE MOOTNESS.

The prior order dismissed all claims based on the May 2016 notice of default and the corresponding substitution of trustee as moot inasmuch as the notice, as well as the substitution, were rescinded or substituted.

Despite the fact that plaintiffs could have easily fixed this problem by repleading their claims to include the newly recorded November 2016 notice of default, plaintiffs continue to base their claims for the requested relief in part on the "unlawfully recorded" May 2016 notice of default as well as the May 2016 substitution of trustee (Compl. ¶¶ 16, 29, 61; Amd. Compl. ¶¶ 51, 66, 76, 100, 131). As stated in this Court's prior order, since the May 2016 notice of default, as well as the substitution of trustee were rescinded or substituted, plaintiffs' claims based on these documents are dismissed as moot (Dkt. No. 26 at 4).

4

### 2. PLAINTIFFS' CLAIMS OF VIOLATIONS OF THE HOMEOWNER'S BILL OF RIGHTS FAIL.

The prior order dismissed all claims of violations of the Homeowner's Bill of Rights based on the May 2016 notice of default as moot. Plaintiffs nevertheless continue to contend that Wells Fargo violated the Homeowner's Bill of Rights because Wells Fargo failed to comply with the express requirements of Section 2923.55 of the California Civil Code which requires Wells Fargo to contact or *diligently attempt* to contact plaintiffs prior to recording a notice of default (Compl. ¶ 30; Amd. Compl. ¶ 32). Even though the amended complaint fails to specifically base the alleged Homeowner's Bill of Rights violation on the November notice of default, this order explicitly addresses the claim in this context as plaintiffs contend that the gravamen of their challenge to Wells Fargo's right of foreclosure is predicated on Wells Fargo's violations of the Homeowner's Bill of Rights (Amd. Compl. ¶ 3).

Notwithstanding plaintiffs' amended complaint, under Section 2923.55, courts have found a conforming declaration attached to a notice of default to be *prima facie* evidence of compliance and defeats conclusory allegations to the contrary. *See Andrews v. NationStar Mortg., LLC*, 2015 U.S. Dist. LEXIS 30651, at \*4 (C.D. Cal. Mar. 9, 2015) (Judge Stephen Wilson); *Kamp v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 95245, at \*7 (C.D. Cal. Oct. 1, 2009) (Judge Cormac Carney). In light of Wells Fargo's declaration evidencing their diligent pre-notice communication for both the rescinded as well as the current notice of default, plaintiffs' claims for violations of the Homeowner's Bill of Rights are dismissed (RJN, Ex. F).

### 3. PLAINTIFFS FAIL TO ALLEGE THAT THE DEED WAS VOID.

Plaintiffs do not waver from their contention that Wells Fargo has "no legal standing to institute or maintain the non-judicial foreclosure" (Compl. ¶ 45; Amd. Compl. ¶ 56). Plaintiffs initially rested this theory on some unspecified defect in the recording of the April 2011 assignment of the deed of trust to transfer and convey the beneficial interest in the subject property from Wells Fargo to HSBC Bank (Compl. ¶¶ 14, 23, 32).

As the prior order explained, the current status of the law regarding foreclosure challenges is that "a home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial

5

interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919, 943 (2016). Not only is it unclear whether parties have standing to challenge an entity's right to foreclose prior to the actual sale, but even if plaintiffs had pre-foreclosure standing, plaintiffs' vague allegation that the assignment was "unlawfully recorded" failed to allege facts from which we could have inferred a defect that would render the assignment void or even voidable (Dkt. No. 26 at 7). Legal conclusions are not entitled to the presumption of truth.

In their amended complaint, plaintiffs attempt to enhance the allegation of a defective assignment by adding that the underlying assignment was not only "unlawfully recorded" but also "promulgated by the recording of fraudulent real estate documents" (Amd. Compl. ¶51). Because plaintiffs fail to allege any details as to why the real estate documents were "fraudulent," this conclusory statement does nothing to remedy plaintiffs' failure to allege a defect which would render the assignment void as required for standing. Plaintiffs' allegations therefore are insufficient to justify an exemption from the otherwise applicable bar on judicial intervention into the nonjudicial foreclosure process. Plaintiffs lack standing to challenge Wells Fargo's right to foreclose.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is **GRANTED**. Since the prior order stated that plaintiffs must plead their best case, plaintiffs' plea for another leave to amend will not be granted. Judgment will follow.

**IT IS SO ORDERED.**

Dated: April 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6